UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY BLOMMEL,

    Plaintiff,

v.                                    Case No. 8:24-cv-1253-CPT

FRANK BISIGNANO,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,[1]

    Defendant.
_____/

## **O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). (Doc. 19). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

The Plaintiff was born in February 1972, has a limited education, and has past relevant work experience as an electrician's helper. (R. 25, 295, 300). In March 2022,

---

[1] Mr. Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Bisignano is substituted for the former Acting Commissioner, Mr. Leland Dudek, as the Defendant in this suit.

the Plaintiff applied for DIB and SSI, alleging disability as of January 2019 due to paranoia, schizophrenia, bipolar disorder, and attention deficit disorder. *Id.* at 17, 260–70, 299. The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. *Id.* at 62–63, 82–83, 108–45.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in November 2023. *Id.* at 34–61, 146–47. The Plaintiff was represented by counsel at that proceeding and testified on his own behalf. *Id.* at 34–61. A vocational expert (VE) also testified. *Id.*

In a decision issued in January 2024, the ALJ determined that the Plaintiff (1) had not engaged in substantial gainful activity since March 2022; (2) had the severe impairments of schizophrenia, bipolar disorder, anxiety disorder, and attention deficit disorder; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[2] (4) had the residual functional capacity (RFC) to perform a full range of work with various non-exertional restrictions;[3] and (5) based on the VE's testimony, could engage in jobs that exist in

---

[2] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA deems considerable enough to prevent a person from performing any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

[3] The ALJ limited the Plaintiff, *inter alia*, to simple work as defined in the Dictionary of Occupational Titles; routine and repetitive tasks in a work environment free of fast paced production requirements; work involving only simple work-related decisions with few, if any, work-place changes; and no more than occasional interaction with the general public, co-workers, and supervisors. (R. 22).

2

significant numbers in the national economy. *Id.* at 17–27. In light of these findings, the ALJ concluded that the Plaintiff was not disabled. *Id.*

The Appeals Council denied the Plaintiff's request for review. *Id.* at 1–6. Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F. 4th 1309, 1313 (11th Cir. 2021) (citation omitted).

II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[4] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To ascertain whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[5] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe

---

[4] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[5] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

impairment that meets or equals one of the listings; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).  Although the claimant bears the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278–79 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  If the Commissioner carries that burden, the claimant must then prove he cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and

citations omitted). In resolving whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F. 4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). Further, while a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F. 4th at 1313–14; *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

### III.

The Plaintiff raises two challenges on appeal: (1) the ALJ did not properly consider the opinion evidence of certain healthcare providers, including—of significance here—a consultative psychologist, Dr. Robert Young; and (2) the ALJ did not fully develop the record. (Doc. 19). After careful review of the parties' submissions and the record, the Court finds that the Plaintiff's first challenge has merit and alone warrants remand.

As referenced above, the ALJ's task at step four is to determine a claimant's RFC and his ability to perform his past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To do so, the ALJ must ascertain given all the pertinent evidence before him what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. *Id.* §§ 404.1545(a)(1), 416.945(a)(1). In making this finding, an ALJ must consider all medical opinions and prior administrative medical findings in a claimant's case record, together with the other relevant evidence.

*McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (per curiam) (citing 20 C.F.R. § 404.1527(b)); 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

A medical opinion is a statement from a physician or other acceptable medical source concerning what a claimant may be able to do despite his impairments; whether the claimant is limited in his capacity to perform various work demands; and whether the claimant can see, hear, or use his other senses or "adapt to environmental conditions, such as temperature extremes or fumes." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); *see also Maguire v. Saul*, 2021 WL 2284463, at *4 (M.D. Fla. June 4, 2021) (explaining that medical opinions "provide perspectives about [a] claimant's functional abilities and limitations."). A prior administrative medical finding, on the other hand, is a finding that pertains to "a medical issue made by [the SSA's f]ederal and [s]tate agency medical and psychological consultants at a prior level of review[,]" but that does not constitute an "ultimate determination about whether [the claimant is] disabled[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

The Regulations governing the evaluation of medical evidence, including medical opinions and prior administrative medical findings, were amended for disability applications filed on or after March 27, 2017, as this one was. 20 C.F.R. §§ 404.1520c, 416.920c; *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F. 4th 1094, 1104 n.4 (11th Cir. 2021). The ALJ now determines the persuasiveness of a medical opinion and prior administrative medical finding instead of generally basing their weight on the medical source or consultant who offered the opinion or finding. *Compare* 20 C.F.R. §§ 404.1527(c), 416.927(c) *with* 20 C.F.R. §§ 404.1520c, 416.920c. In

6

conducting this analysis, an ALJ must consider the following five factors: (1) supportability; (2) consistency; (3) the source or consultant's relationship with the claimant; (4) the source or consultant's area of specialization; and (5) any other pertinent factors "that tend to support or contradict a medical opinion" or a prior administrative medical finding, such as whether the source or consultant is familiar with the other record evidence or has "an understanding of [the SSA's] disability program's policies and evidentiary requirements." *Id.* §§ 404.1520c(c), 416.920c(c); *see also Nixon v. Kijakazi*, 2021 WL 4146295, at *3 (M.D. Fla. Sept. 13, 2021) (citation omitted).

Of these factors, supportability and consistency are the most important. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Nixon*, 2021 WL 4146295, at *3 (citation omitted). Supportability addresses the extent to which a medical source or consultant has articulated record evidence bolstering his own opinion or finding, while consistency deals with whether a medical source or consultant's opinion or finding comports with other evidence in the record. 20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2); *Vachon v. Comm'r of Soc. Sec.*, 2022 WL 458604, at *4 (M.D. Fla. Feb. 15, 2022); *Barber v. Comm'r of Soc. Sec.*, 2021 WL 3857562, at *3 (M.D. Fla. Aug. 30, 2021) (citation omitted). The amended Regulations require an ALJ to discuss supportability and consistency but do not obligate him to describe how he evaluated the other three factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citation omitted). In the end, the amended Regulations—like their predecessors—do not

7

preclude an ALJ from rejecting any medical opinion or prior administrative medical finding if the evidence buttresses a contrary assessment. *Freyhagen*, 2019 WL 4686800, at *2 (citing *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, at *2 (11th Cir. Mar. 9, 2007) (per curiam); *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam)).

One component of the record an ALJ need not consider under the revised Regulations, however, are statements that concern "issues reserved for the Commissioner." 20 C.F.R. §§ 404.1520b(c), 416.920b(c). The Regulations instruct that such statements are "inherently neither valuable nor persuasive" and include pronouncements "that [a claimant is] or [is] not . . . able to work, or able to perform regular or continuing work." *Id.*

In this case, the Plaintiff underwent a psychological consultative examination with Dr. Young in April 2023. (R. 23, 405–08). At that examination, the Plaintiff reported, *inter alia*, that he had been physically and emotionally abused by his father, that he had been educated in school in "severely emotionally disturbed classes," that he had suffered from bipolar schizophrenic paranoia and had experienced visual hallucinations since at least his adolescence, that he had received inpatient psychiatric care for depression and psychosis and had been prescribed medications during his teenage years as well, and that he had begun abusing drugs upon transitioning into adulthood. *Id.* at 406–07. During his visit with Dr. Young, the Plaintiff scored in the low range on intelligence testing, and his score on the mini-mental status exam indicated that he could have a mild cognitive impairment. *Id.* at 23–24, 406.

Ultimately, based on all the information before him, Dr. Young diagnosed the Plaintiff with, among other maladies, Schizophrenia, Paranoid Type and Bipolar II Disorder. *Id*. at 408. Dr. Young also found in connection with these diagnoses that the Plaintiff was mildly to moderately depressed and moderately anxious; that he had a history of serious psychiatric problems; that he possessed "severely limited coping skills" and thus was "at a risk for future behavioral and emotional decompensation;"[6] that his "prognosis [wa]s poor with or without recommended interventions with mediating factors being the severity and course of his physical health[,] . . . [his] psychiatric health problems[,] and his personality features[;]" and that he was "not competent to manage his own funds." *Id*. at 408. Dr. Young added that, "[a]t the present time[, the Plaintiff's] psychiatric health problems appear[ed] significant enough to render him unemployable." *Id*. at 23, 408.

In his decision, the ALJ touched on various aspects of Dr. Young's consultative examination and found—as pertinent here—that Dr. Young's "opinion" that the Plaintiff's mental health problems "render[ed] him unemployable" related to "an issue reserved for the [C]ommissioner." (R. 23–25). As a result, the ALJ "ma[d]e no finding

---

[6] Behavioral and emotional decompensation includes "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. Pt. 404, Subpart P., App. 1, § 12.00; *see also McGilvery v. Colvin*, 2013 WL 5408450, at *2 (M.D. Fla. Sept. 25, 2013) ("Decompensation refers to 'temporary increases in symptoms . . . accompanied by a loss of adaptive functioning.'") (quoting 20 C.F.R. Part 404, Subpart P, App. 1 § 12.00(C)(4)).

on the persuasiveness of this opinion" or any of the other determinations offered by Dr. Young. *Id*. (citations omitted).

The Plaintiff now argues that the ALJ's evaluation of Dr. Young's findings is fatally flawed because although the ALJ correctly noted that Dr. Young's comment about the Plaintiff's current lack of employability regarded a matter within the sole province of the Commissioner,[7] the ALJ did not address the persuasiveness of certain other assessments made by Dr. Young. (Doc. 19 at 6). These included Dr. Young's statements that the Plaintiff had "severely limited coping skills," that the Plaintiff was at "risk for future behavioral and emotional decompensation," and that the Plaintiff did not have the capacity "to manage his own funds." *Id*.; *see also* (R. 408).

The Plaintiff has a point. A fair reading of these assessments is that they "provide [a] perspective[ ] about [the Plaintiff's] functional abilities and limitations" and thus constitute medical opinions. *Maguire*, 2021 WL 2284463, at *4. A survey of the case law supports this conclusion. *See, e.g.*, *Kimberly Jo S. v. Comm'r of Soc. Sec.*, 2022 WL 2900765, at *6 (S.D. Ohio July 22, 2022) (deeming a physician's determination that the claimant appeared to lack the coping skills to manage full-time work to concern a functional limitation); *Hull v. Saul*, 2019 WL 4760277, at *2 (S.D. Tex. Sept. 30, 2019) (finding a provider's characterization that the claimant had

---

[7] The Plaintiff's concession is well founded. *See* 20 C.F.R. §§ 404.1520b, 416.920b; *see also Jones v. Comm'r of Soc. Sec.*, 2021 WL 4352383, at *5 (M.D. Fla. Sept. 24, 2021) (finding that the ALJ did not have to address an assertion that the claimant was unable to work because this was an issue reserved for the Commissioner) (citation omitted); *Marshall v. Kijakazi*, 2021 WL 4168107, at *4 (M.D. Fla. Sept. 14, 2021) (construing a physician's determination that the claimant was unable to work to pertain to a matter reserved for the Commissioner) (citation omitted).

compromised coping skills to bear upon a functional limitation); *Edmonds v. Colvin*, 2014 WL 4672561, at *11 (N.D. Iowa Sept. 18, 2014) (concluding that the ALJ erred by not taking into account the opinions of two doctors who viewed the claimant as functionally limited due to his poor coping skills); *Brothers v. Colvin*, 2015 WL 4974149, at *4 (M.D. Ga. June 25, 2015) (ruling that the ALJ properly considered the issue of decompensation in formulating the claimant's RFC because an individual's response to work demands must be incorporated into the RFC). And because the ALJ failed to assess the persuasiveness of these medical opinions rendered by Dr. Young, remand is required. *See Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465–66 (11th Cir. 2020) (finding reversible error where the ALJ did not specify the weight to be given to a neurologist's opinion); *Stokely v. O'Malley*, 2024 WL 357589, at *4 (M.D. Fla. Jan. 31, 2024) (remanding the case because the ALJ did not discuss the supportability and consistency of a doctor's examination report which pertained to the claimant's work-related limitations and functional abilities).

Given the merits of the Plaintiff's first claim of error, the Court need not address the Plaintiff's second challenge. *See McClurkin*, 625 F. App'x at 963 n.3 (finding that there was no need to analyze any additional issues because the case was already subject to reversal due to other errors); *Demenech v. Sec'y of Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to discuss the claimant's remaining arguments in light of the conclusions reached in remanding the action); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (stating that where remand is required, it may be unnecessary to review other claims that have been

raised) (citations omitted).  On remand, however, the ALJ must consider the entirety of the record in accordance with the governing law, including the applicable regulatory provisions, in assessing the Plaintiff's impairments.  *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (noting that the ALJ must evaluate the whole record on remand).

## IV.

In light of all the above, it is hereby ORDERED:

1. The Commissioner's decision is reversed, and the case is remanded for further proceedings before the Commissioner consistent with this Order.

2. The Clerk is directed to enter Judgment in the Plaintiff's favor and to close the case.

SO ORDERED in Tampa, Florida, this 29th day of August 2025.

*/s/ Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record